1   Matthew C. Wolf (SBN 223051)
2   Lauren VanDenburg (SBN 299957)
    TURNER HENNINGSEN WOLF & VANDENBURG, LLP
3   707 Wilshire Boulevard, Suite 3700
    Los Angeles, California 90017
4   Tel: 323-653-3900
    Fax: 323-653-3021
5   mwolf@thwvlaw.com;
6   lvandenburg@thwvlaw.com

7   Attorneys for Defendant
    JAGUAR LAND ROVER NORTH AMERICA, LLC

8

9                  UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11

12

13   GERAL R BROUGHAM,                    | Case No.:

14          Plaintiff,                    | **NOTICE OF REMOVAL OF
                                          | ACTION TO THE UNITED
15      vs.                               | STATES DISTRICT COURT FOR
                                          | THE WESTERN DISTRICT OF
16   JAGUAR LAND ROVER NORTH              | CALIFORNIA PURSUANT TO 28
     AMERICA, LLC, a Delaware Limited     | U.S.C. SECTION 1441(a) BASED
17   Liability Company,                   | ON DIVERSITY JURISDICTION;
                                          | DECLARATION OF MATTHEW C.
18          Defendant.                    | WOLF**

19

20

21

22

23

24

25

26

27

28

                                      1

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Jaguar Land Rover North America, LLC (hereinafter "JLRNA") hereby removes the above-entitled action from the Superior Court of the State of California for the County of San Bernardino to the Central District of California, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), based on diversity jurisdiction under 28 U.S.C. § 1332.

## I.    PRELIMINARY MATTERS

1.    On June 18, 2025, Plaintiff Gerald R Brougham ("Plaintiff") filed this lawsuit (the "Complaint") in the Superior Court of the State of California, County of San Bernardino, Case No. CIVRS2505189 and entitled Gerald R Brougham v. Jaguar Land Rover North America, LLC.  A true and correct copy of the Summons, Complaint and all related process, are attached to the concurrently filed Declaration of Matthew Wolf ("Wolf Decl.") as Exhibit "1."

2.    JLRNA was served with the Complaint on July 7, 2025, through its registered agent for service of process.  JLRNA filed its Answer to the Complaint on August 6, 2025. Wolf Decl., Ex. 2.

3.    A true and correct copy of the Purchase Agreement is attached to the Wolf Decl. as Exhibit "3." This Notice of Removal is timely because it is filed within 30 days of the first time JLRNA received notice of the facts indicating that the case was removable within the meaning of 28 U.S.C. § 1446(b). Specifically, this Notice of Removal is filed within 30 days of JLRNA first being served with the Complaint. Further, JLRNA did not receive a copy of the Purchase Agreement until July 24, 2025. Wolf Decl., ¶5.

## II.    NATURE OF THE CASE

4.    The Complaint alleges causes of action relating to the purchase of a 2020 Land Rover Evoque, Vehicle Identification Number  SALZM2GX6LH023341

on or about February 18 2022.  See Complaint, ¶8.

5.    The Complaint alleges two causes of action against JLRNA, including under the Song-Beverly Consumer Warranty Act.

6.    As detailed below, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and the action is one which may be removed to this Court by JLRNA pursuant to 28 U.S.C. § 1441(a) because it involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

## III.   DIVERSITY JURISDICTION UNDER 28 U.S.C. §1332

A.    <u>Complete Diversity Exists</u>

7.    The Court has original jurisdiction of this civil action based on 28 U.S.C. § 1332 because Plaintiff is of different citizenship than JLRNA.  Pursuant to 28 U.S.C. § 1441(a), JLRNA may remove the case to this Court because it is a civil action between citizens of different states and the matter in controversy herein exceeds the sum or value of $75,000, exclusive of interest and costs.  A case is removable on diversity grounds if diversity of citizenship can be ascertained from the face of the Complaint or the fact of diversity is disclosed in the pleadings, motions or papers "from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

8.    JLRNA is informed and believes that, at the time the Complaint was filed and at the time of this Notice, Plaintiff was a U.S. citizen domiciled in the State of California.  See Complaint, ¶2.  For diversity of jurisdiction purposes, a natural person is a citizen of the state which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Here, Plaintiff's own allegation of residence, taken as true as it must, is prima facie evidence of domicile.  *See, State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520

(10th Cir. 1994); *see also, Judge Beverly Reid O'Connell, et al.*, California Practice Guide: Federal Civil Procedure Before Trial ¶ 2:1251 (The Rutter Group 2017).

9.    Defendant JLRNA is, and at all times relevant was, a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New Jersey.  For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of its members.  Carden v. Arkoma Associates, 494 U.S. 185, 195 (1990).  JLRNA has a single member, Jaguar Land Rover Limited.  Jaguar Land Rover Limited is a private company limited by shares.  Jaguar Land Rover Limited was incorporated in England and Wales, and its principal place of business is the United Kingdom with its registered office in Coventry, England.  Jaguar Land Rover North America, LLC is not, and was not at any relevant time, a citizen of the State of California.

10.    Diversity among the parties to this action existed at the time the action was commenced in state court and at the time of removal.

11.    The Complaint also names defendants Does 1 through 30.  Pursuant to 28 U.S.C. § 1441(a), the citizenship of these defendants is disregarded for removal purposes.

12.    Accordingly, complete diversity exists, and there are no other named defendant that can defeat a finding of diversity.

B.    <u>The Amount in Controversy Requirement is Satisfied</u>

13.    Plaintiff seeks a wide variety of remedies, including: general, special, and actual damages, incidental damages according to proof, rescission of the purchase contract and restitution of all monies expended, for diminution in value, for incidental and consequential damages according to proof, civil penalty in the amount of two times Plaintiff's actual damages, prejudgment interest at the legal rate, reasonable attorney's fees per statute and costs of suit, and other and further relief as the Court may deem just and proper. See Complaint, Prayer for Relief, p. 9.

14.    The total sale price for the vehicle is $76,828.24.  See the Sales

Agreement is attached to the Wolf Decl. as Exhibit "3." The amount in controversy includes the vehicle sale price ($76,828), plus Plaintiff's demand for civil penalties in the amount of two times Plaintiff's actual damages, plus Plaintiff's demand for attorneys' fees and costs. See Complaint, Prayer for Relief, p. 9; Wolf Decl., Ex. 3. Thus, Plaintiff's claims for compensatory damages and attorneys' fees causes the amount in controversy to exceed the $75,000 jurisdictional requirement.

## V.    ADDITIONAL GROUNDS FOR REMOVAL

15.    This Notice of Removal is filed within 30 days of the first time JLRNA received notice of the facts indicating that the case was removable within the meaning of 28 U.S.C. § 1446(b). The Complaint did not specify a purchase price or an amount in controversy. This Notice of Removal is filed within 30 days of JLRNA being served with the complaint and first obtaining a copy of Plaintiff's purchase agreement. Thus, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

16.    The United States District Court for the District of California is the federal judicial district embracing the Superior Court of the State of California for the County of San Bernardino, where the Superior Court Action is pending. Thus, venue is proper under 28 U.S.C. § 1441(a).

17.    Counsel for JLRNA certifies it will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Los Angeles, and give notice of the same to counsel for Plaintiff pursuant to 28 U.S.C. § 1446(d).

18.    This Removal is based upon the concurrently filed Declaration, attached Exhibits and any other matters which the Court deems applicable.

19.    Should Plaintiff file a motion to remand this case, JLRNA respectfully requests an opportunity to respond more fully in writing.

20.    JLRNA will promptly notify Plaintiff and the Superior Court of this

1  removal as required by 28 U.S.C. § 1441(d).

2  **V.    CONCLUSION**

3      21.    Removal of this action is proper under 28 U.S.C. § 1441 because there is

4  complete diversity between Plaintiff and Defendant JLRNA, and the matter in

5  controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6

7  THEREFORE, JLRNA, pursuant to these statutes and in conformance with the

8  requirements set forth in 28 U.S.C. § 1446, prays that this action be removed from

9  the Superior Court of the State of California for the County of Los Angeles to the

10  Central District of California, Western Division.

11

12  Dated:  August 6, 2025           TURNER HENNINGSEN WOLF &

13                                    VANDENBURG, LLP

14

15                                    By: /s/ Matthew Wolf

16                                        Matthew Wolf

17                                    Attorneys for Defendant
                                       JAGUAR  LAND  ROVER  NORTH  AMERICA,
18                                    LLC

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF MATTHEW WOLF

I, Matthew C. Wolf, declare as follows:

1.    I am an attorney at the law firm Turner Henningsen Wolf & VanDenburg, LLP.  I am counsel for Defendant Jaguar Land Rover North America, LLC in this action.  I have personal knowledge of the matters set forth herein and if called, I could and would competently testify thereto, under oath.

2.    Attached hereto as Exhibit "1" is a complete copy of the complaint and process filed in San Bernardino County Superior Court on June 28, 2025 and served on July 7, 2025.

3.    Attached hereto as Exhibit "2" is a complete copy of the Answer filed in San Bernardino County Superior Court on August 6, 2025.

4.    Attached hereto as Exhibit "3" is true and correct copy of the purchase agreement for the vehicle at issue in this action. Defendant first received a copy of the sales agreement on July 24, 2025 when Plaintiff received the sales agreement from the Land Rover Riverside dealership. Prior to July 24, 2025, Defendant did not have information sufficient to determine the amount in controversy.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration is executed at Los Angeles, California on August 6, 2025.


/s/ Matthew Wolf
MATTHEW C. WOLF

# EXHIBIT 1



**KSB / ALL**
**Transmittal Number: 31780532**
**Date Processed: 07/08/2025**

# Notice of Service of Process

**Primary Contact:** Christine DiDomizio
Jaguar Land Rover North America, LLC
100 Jaguar Land Rover Way
Mahwah, NJ 07495-1100

**Electronic copy provided to:** Ricardo Tapia
Geremy Johnson
Ramsey Ong
Nadira Kirkland
Patricia Bradley
Timothy Fleming

| | |
|---|---|
| **Entity:** | Jaguar Land Rover North America, LLC<br>Entity ID Number  3279821 |
| **Entity Served:** | Jaguar Land Rover North America, LLC |
| **Title of Action:** | Gerald R. Brougham vs. Jaguar Land Rover North America, LLC |
| **Matter Name/ID:** | Gerald R. Brougham vs. Jaguar Land Rover North America, LLC (17569124) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Breach of Warranty |
| **Court/Agency:** | San Bernardino County Superior Court, CA |
| **Case/Reference No:** | CIVRS2505189 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 07/07/2025 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Conn Law, PC<br>415-417-2780 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JAGUAR LAND ROVER NORTH AMERICA, LLC; and DOES 1 through 30, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GERALD R BROUGHAM,

Electronically Filed
Superior Court of California
County of San Bernardino
Rancho Cucamonga District
6/28/2025
By: Elizabeth Valdovines, DEPUT

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>8303 Haven Avenue<br>Rancho Cucamonga, CA 91730 | **CASE NUMBER:**<br>*(Número del Caso):* CIVRS2505189 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Elliot Conn Bar No. 279920          415-417-2780
100 Bush Street, Suite 1580 San Francisco CA 94104

| DATE:          6/28/2025<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | /s/ Elizabeth Valdovines | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* JAGUAR LAND ROVER NORTH AMERICA, LLC

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
   [X] other *(specify):* Corp. Code 17701.16, LLC
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Elliot Conn Bar No. 279920<br>Conn Law, PC<br>100 Bush Street, Suite 1580, San Francisco CA 94104<br>TELEPHONE NO.: 415-417-2780    FAX NO.: 415-358-4941<br>EMAIL ADDRESS: elliot@connlawpc.com<br>ATTORNEY FOR *(Name):* GERALD R BROUGHAM | Electronically Filed<br>Superior Court of California<br>County of San Bernardino<br>Rancho Cucamonga District<br>6/18/2025 3:52 PM<br>By: Elizabeth Valdovines, DEPUTY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Bernardino
STREET ADDRESS: 8303 Haven Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Rancho Cucamonga, CA 91730
BRANCH NAME:

CASE NAME:
BROUGHAM v. JAGUAR LAND ROVER NORTH AMERICA, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: CIVRS2505189 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount demanded exceeds $35,000) | [ ] Limited<br>(Amount demanded is $35,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[✓] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):* Two
5. This case [ ] is [✓] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 6/11/2025

Elliot Conn
_____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**          **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

CONN LAW, PC
ELLIOT CONN          Bar No. 279920
KIRA PATTERSON       Bar No. 354953
100 Bush Street, Suite 1580
San Francisco, CA 94104
Telephone: (415) 417-2780
Facsimile: (415) 358-4941
elliot@connlawpc.com

Attorneys for Plaintiff GERALD R BROUGHAM

Electronically Filed
Superior Court of California
County of San Bernardino
Rancho Cucamonga District
6/18/2025 3:52 PM
By: Elizabeth Valdovines, DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN BERNARDINO

GERALD R BROUGHAM,

Plaintiff,

vs.

JAGUAR LAND ROVER NORTH
AMERICA, LLC; and DOES 1 through
30, inclusive,

Defendants.

Case No.    CIVRS2505189

**COMPLAINT FOR DAMAGES AND
STATUTORY RESTITUTION FOR:**

**(1) BREACH OF IMPLIED WARRANTY,
CIVIL CODE § 1790, *ET SEQ.*;**

**(2) BREACH OF EXPRESS WARRANTY,
CIVIL CODE § 1790, *ET SEQ.*;**

Unlimited Civil Case

JURY TRIAL DEMANDED

## INTRODUCTION

1.     Plaintiff GERALD R BROUGHAM brings this action as an individual arising out of a breach of warranty, against Defendants JAGUAR LAND ROVER NORTH AMERICA, LLC (hereinafter "LAND ROVER NA"), and DOES 1 through 30, under California's Song-Beverly Consumer Warranty Act, and other laws, arising from the purchase of a LAND ROVER NA certified, Certified Pre-Owned, but defective, 2020 Land Rover Evoque, VIN: SALZM2GX6LH023341 (hereinafter the "Vehicle"). On information and belief, Plaintiff alleges the following:

//

//

1

**PARTIES**

2    2.      Plaintiff GERALD R BROUGHAM is an individual over the age of 18 years. At all

3    relevant times herein, GERALD R BROUGHAM was, and currently is, a resident of the state of

4    California.

5    3.      Defendant LAND ROVER NA is, and at all times relevant herein was, a Delaware

6    limited liability company qualified to do business and conducting business in the State of

7    California, including the County of San Bernardino. LAND ROVER NA was and is the

8    manufacturer, importer, distributor, and/or warrantor of the Vehicle.

9

**DOE DEFENDANTS**

10    4.      Plaintiff does not know the true names and capacities, whether corporate, partnership,

11    associate, individual or otherwise, of Defendants sued herein as DOES 1 through 30, inclusive,

12    pursuant to §474 of the California Code of Civil Procedure. Plaintiff is informed and believes

13    and thereupon alleges that Defendants DOES 1 through 30, inclusive, are in some manner

14    responsible for the acts, occurrences and transactions set forth herein and are legally liable to

15    Plaintiff. Plaintiff will seek leave to amend this complaint to set forth the true names and

16    capacities of said fictitiously-named Defendants, together with appropriate charging allegations,

17    when ascertained.

18

**AGENCY AND ALTER EGO**

19    5.      At all times mentioned herein each Defendant, whether actually or fictitiously named,

20    was the principal, agent (actual or ostensible), or employee of each other Defendant and in acting

21    as such principal or within the course and scope of such employment or agency, took some part

22    in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to

23    Plaintiff for the relief prayed for herein.

24

**JURISDICTION AND VENUE**

25    6.      Venue is proper in San Bernardino County because Defendant LAND ROVER NA

26    conducts substantial business in San Bernardino County, because Plaintiff is a resident of San

27    Bernardino County and was a resident of San Bernardino County at the time of purchase,

28    because the Vehicle is garaged in San Bernardino County, and because the warranty can be

Complaint for Damages and Statutory Restitution

1  performed in San Bernardino County and thus San Bernardino County is a county in which the

2  warranty contract is to be performed. *See* Code of Civil Procedure §395.5.

3  7.      This Court has jurisdiction over Plaintiff's claims because Plaintiff is a resident of

4  California and Defendant LAND ROVER NA is qualified to do business in California and

5  regularly conducts business in California. Furthermore, the acts and omissions complained of

6  occurred in California.

7                              **<u>OPERATIVE FACTS</u>**

8  8.      On or about February 18, 2022, Plaintiff purchased a "Land Rover Certified," Certified

9  Pre-Owned 2020 Land Rover Evoque, VIN: SALZM2GX6LH023341 (hereinafter the

10  "Vehicle") from Indigo Riverside, LLC, a LAND ROVER NA franchise dealership in Riverside,

11  California. The total purchase price, inclusive of fees, taxes, and licensing, was $76,282.24. The

12  Vehicle was purchased primarily for personal and family use.

13  9.      All owners of "LAND ROVER NA Certified," Certified Pre-Owned vehicles, including

14  the Vehicle, receive express warranties from Defendant LAND ROVER NA as part of the sale of

15  the vehicle. Specifically, as part of the sale of the Vehicle to Plaintiff, LAND ROVER NA

16  extended to Plaintiff an "APPROVED CERTIFIED PRE-OWNED LIMITED WARRANTY . . .

17  1 year/unlimited miles (up to 48 months old) Exp. Date (MM/DD/YY) 09/26/2025." As such,

18  LAND ROVER NA "partnered with a dealership to sell used vehicles directly to the public by

19  offering an express warranty as part of the sales package, which is a crucial incentive for buyers

20  like plaintiff. By partnering with the dealership, [LAND ROVER NA] stepped into the role of a

21  retailer and was subject to the obligations of a retailer under section 1795.5. That section

22  provides that a retailer's obligations are the 'same' as a manufacturer under section 1793.2."

23  *Kiluk v. Mercedes-Benz USA, LLC* (2019) 43 Cal.App.5th 334, 340; *Rodriguez v. FCA US LLC*

24  (2024) 17 Cal.5th 189, 202 (affirming *Kiluk*).

25  10.     LAND ROVER NA's express warranties covered any repairs or replacements needed

26  during the warranty periods due to defects in factory materials or workmanship. Any required

27  adjustments would also be made during the coverage periods. All warranty repairs and

28  adjustments, including parts and labor, were to be made at no charge. Additional warranties were

1    set forth in the warranty booklet and are incorporated herein by reference as though fully set

2    forth.

3    11.       In fact, when delivered, the Vehicle was defective in materials and workmanship, such

4    defects being discovered within the warranty periods. The defective conditions Plaintiff

5    experienced with the Vehicle include, but are not limited to:

6              (a)      Engine overheating, guest heard a noise and then engine overheating message

7                       came on;

8              (b)      Water pump belt missing and cooling system was low;

9              (c)      Leak at the separator coolant valve;

10             (d)      SRS warning lamp illuminated;

11             (e)      Tow in - Low coolant warning lamp came on while driving on freeway then

12                      engine area started smoking;

13             (f)      Can visibly see hose leaking coolant;

14             (g)      Reservoir hose deteriorated and degas leaking caused damage to drive belts;

15             (h)      Low coolant warning message on;

16             (i)      Both drive belts damaged;

17             (j)      Immediate leaks from coolant hose from reservoir to degas at both ends;

18             (k)      Infotainment screen has a lot of little bubbles at the top of the screen;

19             (l)      Upper screen delaminating;

20             (m)      Bottom control screen is cracking on both sides;

21             (n)      Passenger side rear view mirror housing is turning blue;

22             (o)      A pillar is peeling;

23             (p)      Drivers side, drivers door B pillar is peeling;

24             (q)      Drivers side rear door B pillar is peeling;

25             (r)      Drivers side C pillar is peeling;

26             (s)      Drivers side D pillar is peeling;

27             (t)      Drivers side headlight is peeling;

28             (u)      Passenger side headlight is peeling;

(v)     Cover on the shift knob that pops up is broken;

(w)     Tow in – customer states car is leaking coolant onto engine itself;

(x)     Coolant leaking near the front of the engine compartment;

(y)     Degas separator leaking;

(z)     Passenger side rearview mirror housing is turning blue;

(aa)    Airbag light comes on intermittently;

12.     Plaintiff returned the Vehicle to LAND ROVER NA authorized dealerships for warranty repair for the above issues on no fewer than 4 occasions, and, as of the date of this complaint, the Vehicle has been out of service for no fewer than 47 days. Despite the prolonged period during which LAND ROVER NA and its authorized repair facilities were given the opportunity to repair the Vehicle, the more significant conditions were not repaired.

13.     Prior to retaining counsel and bringing this lawsuit, Plaintiff contacted LAND ROVER NA directly to ask LAND ROVER NA to repurchase the defective Vehicle.

14.     On May 15, 2025, LAND ROVER NA affirmatively denied the repurchase request, informing Plaintiff that: "Consumer Affairs does not believe that your vehicle qualifies for repurchase or replacement."

15.     In response, Plaintiff wrote: "The car has become a safety issue – and three time the same part has failed – causing this car radiator to empty and the car overheat and stop on the freeway – at night – all three times – and my daughter(as she is the primary driver) calling me crying and scared, while she is stuck on side of a freeway..- - each time same issue same resolve – car towed to dealership (Riverside facility) – each time I clearly stated – stop fixing the part – fix the problem – also was clear – neither my daughter or I want her stranded on the side of the freeway again."

16.     On May 16, 2025, LAND ROVER NA reiterated that, "your request for repurchase has been declined at this time" and informed Plaintiff that he could commence litigation against LAND ROVER NA by bringing "independent arbitration from the Better Business Bureau's Auto Line."

17.     This lawsuit follows.

**FIRST CAUSE OF ACTION**
**(Breach of Implied Warranty of Merchantability in Violation of Civil Code §1790, *et seq.*)**
**(Against LAND ROVER NA and DOES 1-30)**

18.     Plaintiff re-alleges and incorporates by reference herein each and every allegation set above.

19.     The Vehicle is a "consumer good" as defined in Civil Code §§1791(a) and 1795.5. Defendant LAND ROVER NA is a "manufacturer" as defined in Civil Code §1791(j) and a "distributor" as defined in Civil Code §1791(e). Plaintiff is informed and believes, and thereupon alleges, that Defendants LAND ROVER NA is the warrantor of the Vehicle and thus obligated to comply with Civil Code §1791, *et seq.*

20.     The express warranties described and incorporated herein by reference are each an "express warranty" as defined in Civil Code §1791.2(a)(1).

21.     Plaintiff's purchase of the Vehicle was accompanied by express warranties, offered by Defendant LAND ROVER NA to Plaintiff. Due to the existence of the express warranty, Defendants cannot disclaim implied warranties.

22.     The Vehicle sold to Plaintiff contained an implied warranty of merchantability running from Defendants to Plaintiff pursuant to Civil Code §§1792, 1795.5(c).

23.     The duration of the implied warranty of merchantability is coextensive in duration with the express warranties which accompanied the purchase of the Vehicle pursuant to Civil Code §1795.5(c).

24.     Plaintiff purchased the Vehicle with the reasonable expectation that the Vehicle was fit to be used for the ordinary and intended purpose of providing Plaintiff with reliable and safe transportation. Defendants knew, when it was manufactured, sold, resold, and warranted, that the intended and ordinary purpose of the Vehicle was to provide the user with safe and reliable transportation.

25.     At all times that Plaintiff had possession of the Vehicle, Plaintiff used it for the intended and ordinary purpose of transportation. However, the Vehicle was not fit for the ordinary purposes for which it was sold. It was, in fact, defective, as set forth above, and not fit to provide Plaintiff and his family with safe or reliable transportation.

Complaint for Damages and Statutory Restitution

26.    As a direct and legal result of Defendants' violation of their obligations under the Song-Beverly Consumer Warranty Act, Plaintiff has suffered actual, consequential, and incidental damages, including but not limited to money expended on the purchase of the Vehicle, the loss of the use of the Vehicle during the time it has been inoperable or otherwise out of service for repairs, finance charges, and attorneys' fees which Plaintiff has incurred and will continue to incur in order to protect his rights in this matter. The precise amount of these damages is unknown at the present time. Attorneys' fees, loss of use, interest, and other damages continue to accrue. Pursuant to Civil Code §1791.1(d), Plaintiff is entitled to the remedies set forth in Civil Code §1794.

27.    Pursuant to Civil Code §1794(d), Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorneys' fees. As a legal result of Defendants' misconduct as alleged herein, and in an effort to protect his rights, Plaintiff has incurred and will continue to incur legal fees, costs, and expenses in connection therewith.

WHEREFORE, Plaintiff prays for relief as herein set forth.

**SECOND CAUSE OF ACTION**
**(Breach of Express Warranties in Violation of Civil Code §1790, *et seq.*)**
**(Against LAND ROVER NA and DOES 1-30)**

28.    Plaintiff realleges and incorporates by reference as though fully set forth herein each and every allegation contained in the paragraphs above.

29.    The Vehicle is a "used consumer good" that was distributed by LAND ROVER NA, as that term is used in Civil Code §1795.5 and is thus treated as a "New Motor Vehicle" as defined in Civil Code §1793.22(e)(2) and a "consumer good" as defined in Civil Code §1791(a).

30.    LAND ROVER NA has obligations as a "manufacturer" as defined in Civil Code §1791(j) and a "distributor" as defined in Civil Code §1791(e). *Kiluk v. Mercedes-Benz USA, LLC* (2019) 43 Cal.App.5th 334, 340. Plaintiff is informed and believes and thereupon alleges that defendant LAND ROVER NA is the warrantor of the Vehicle and thus obligated to comply with Civil Code §1791, *et seq.*, pursuant to Civil Code §§1795 and 1795.5.

31.    Plaintiff's acquisition of the Vehicle was accompanied by express warranties, offered by Defendant LAND ROVER NA to Plaintiff.

7

32.    The express warranties described and incorporated herein by reference are each an

"express warranty" as defined in Civil Code §§1791.2(a)(1) and 1795.5.

33.    LAND ROVER NA's express warranties covered any repairs or replacements needed

during the warranty period due to defects in factory materials or workmanship. Any required

adjustments or repairs would also be made during the basic coverage period. All warranty repairs

and adjustments, including parts and labor, were to be made at no charge.

34.    In fact, when delivered to Plaintiff, the Vehicle was defective in materials and

workmanship, such defects being described above and discovered within the warranty periods.

35.    Plaintiff has been without the Vehicle due to it being out of service for repair, by

authorized LAND ROVER NA servicing dealerships and/or their agents, on no fewer than 4

occasions, and for more than 47 days, all during the warranty period. Despite the number of

times and days Defendants were given the opportunity to repair the Vehicle, they failed to repair

the Vehicle so as to bring it into conformity with the warranties set forth herein.

36.    The defects experienced by Plaintiff with the Vehicle substantially impair its use, value, or

safety to Plaintiff. Despite Plaintiff's repeated efforts to allow LAND ROVER NA and the other

defendants the opportunity to repair the Vehicle, many nonconforming and defective conditions

were never repaired.

37.    As a direct and proximate result of Defendants' violation of their obligations under the

Song-Beverly Consumer Warranty Act, Plaintiff has suffered actual, consequential, and incidental

damages, including but not limited to money expended on the purchase of the Vehicle, finance

charges, the loss of use of the Vehicle during the time it has been in for repair, other incidental

and consequential damages, and attorneys' fees, which Plaintiff has incurred and will continue to

incur in order to protect his rights in this matter.

38.    As a direct and proximate result of LAND ROVER NA's willful violation of its

obligations under the Song-Beverly Consumer Warranty Act, Plaintiff is entitled to have LAND

ROVER NA either replace the goods or reimburse Plaintiff. Plaintiff has the choice to elect either

option, pursuant to Civil Code §1793.2(d)(2).

39.    As a direct and proximate result of LAND ROVER NA's willful violation of its

1  obligations under the Song-Beverly Consumer Warranty Act, Civil Code §1794(c), Plaintiff is

2  entitled to a civil penalty of two times actual damages.

3  40.    Pursuant to Civil Code §1794(d), Plaintiff is entitled to recover a sum equal to the

4  aggregate amount of costs and expenses, including attorneys' fees. As a proximate result of

5  LAND ROVER NA's misconduct as alleged herein, and in an effort to protect his rights, Plaintiff

6  has incurred and will continue to incur legal fees, costs, and expenses in connection therewith.

7          WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

8                              **PRAYER**

9          WHEREFORE, Plaintiff prays for judgment as follows:

10  (1)    For actual damages in excess of the jurisdictional minimum of this Court;

11  (2)    For restitution in the form of reimbursement pursuant to Civil Code §1794(b) and

12         §1793.2(d);

13  (3)    For civil penalty pursuant to Civil Code §1794(c) in an amount twice that of the actual

14         damages;

15  (4)    For incidental damages;

16  (5)    For consequential damages;

17  (6)    For prejudgment interest from the date of consummation of the purchase at the maximum

18         legal rate;

19  (7)    For attorneys' fees and costs of suit incurred herein; and

20  (8)    For such other and further relief as the Court deems just and proper under the

21         circumstances.

22  Dated: June 11, 2025                    CONN LAW, PC

23

24                              By:    _____

25                                     ELLIOT CONN

26

27

28

Complaint for Damages and Statutory Restitution

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Complaint for Damages and Statutory Restitution

**DEMAND FOR ELECTRONIC SERVICE**

Plaintiff requests electronic service to eservice@connlawpc.com, elliot@connlawpc.com, kira@connlawpc.com, and spencer@connlawpc.com. Pursuant to subdivision (b)(4) of Code of Civil Procedure section 1010.6, any party who is represented by counsel is required to electronically serve Plaintiff's counsel with any notice or document that is permitted to be served by mail, express mail, overnight delivery, or facsimile transmission.

Service on eservice@connlawpc.com is *required* for the service to be considered valid.

Dated: June 11, 2025                    CONN LAW, PC

                          By: _____
                              ELLIOT CONN

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

Dated: June 11, 2025                    CONN LAW, PC


                                        By: _____
                                             ELLIOT CONN

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

GERALD R BROUGHAM

Case No.: ___CIVRS2505189___

VS.

**CERTIFICATE OF ASSIGNMENT**

JAGUAR LAND ROVER NORTH AMERICA, LLC

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the San Bernardino District of the Superior Court under Rule131 and General Order of this court for the checked reason:

☑ General          ☐ Collection
   **Nature of Action**          **Ground**

| | | | |
|---|---|---|---|
| ☐ | 1. | Adoption | Petitioner resides within the district |
| ☐ | 2. | Conservator | Petitioner or conservatee resides within the district. |
| ☑ | 3. | Contract | Performance in the district is expressly provided for. |
| ☐ | 4. | Equity | The cause of action arose within the district. |
| ☐ | 5. | Eminent Domain | The property is located within the district. |
| ☐ | 6. | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. | Mandate | The defendant functions wholly within the district. |
| ☐ | 10. | Name Change | The petitioner resides within the district. |
| ☐ | 11. | Personal Injury | The injury occurred within the district. |
| ☐ | 12. | Personal Property | The property is located within the district. |
| ☐ | 13. | Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. | Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. | Review | The defendant functions wholly within the district. |
| ☐ | 16. | Title to Real Property | The property is located within the district. |
| ☐ | 17. | Transferred Action | The lower court is located within the district. |
| ☐ | 18. | Unlawful Detainer | The property is located within the district. |
| ☐ | 19. | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ | 20. | Other _____ | _____ |
| ☐ | 21. | THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

|  | 6753 Ramona Ave |
|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | ADDRESS |
| Alta Loma          CA | 91701 |
| CITY          STATE | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on 6/18/2025 at San Francisco ,
California.

_____
Signature of Attorney/Party

Form # 13-16503-360          CERTIFICATE OF ASSIGNMENT          Rev. June 2019
Mandatory Use



# Alternative Dispute Resolution



**Superior Court of California - County of San Bernardino**

Alternate Dispute Resolution (ADR) provides an opportunity for parties to receive assistance reaching a resolution in their small claims, land-lord tenant, civil, family law, probate case with a trained mediator.   The Inland Fair Housing and Mediation Board (IFHMB) provides in-person services for all case types listed above.   These services are available for the following court locations:

♦ San Bernardino Historic

♦ San Bernardino Justice Center

♦ Barstow

♦ Fontana

♦ Joshua Tree

Using ADR to resolve disputes can:

◊ Save time, since it can take a lot less time to work out and write up an agreement than go through a trial.

◊ Save money on attorney's fees, fees for expert witnesses and other expenses.

◊ More control over the outcome.  In ADR, parties participate more actively in creating a workable solution than leaving the decision up to a judge or a jury.  Also, it can create solutions that go beyond what the court can do.

# EXHIBIT 2

Matthew C. Wolf (SBN 223051)
Lauren K. VanDenburg (SBN 299957)
Robert Cho (SBN 333396)
TURNER HENNINGSEN WOLF & VANDENBURG, LLP
707 Wilshire Blvd., Suite 3700
Los Angeles, CA 90017
Tel: 323-653-3900
Fax: 323-653-3021
mwolf@thwvlaw.com; lvandenburg@thwvlaw.com;
rcho@thwvlaw.com

Attorneys for Defendant
JAGUAR LAND ROVER NORTH AMERICA, LLC

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| GERALD R BROUGHAM,<br><br>            Plaintiff,<br><br>       vs.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC, and DOES 1 through 30, inclusive,<br><br>            Defendants. | Case No. CIVRS2505189<br><br>**DEFENDANT JAGUAR LAND ROVER NORTH AMERICA, LLC'S ANSWER TO COMPLAINT** |

DEFENDANT'S ANSWER TO COMPLAINT

<u>ANSWER TO COMPLAINT</u>

Defendant Jaguar Land Rover North America, LLC ("Defendant") hereby answer the unverified Complaint of Plaintiff Gerald R. Brougham ("Plaintiff") as follows:

<u>GENERAL DENIAL</u>

1.    Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies every allegation in the Complaint, and further denies that Plaintiff has been damaged in the sum alleged or any other amount or manner whatsoever.

<u>AFFIRMATIVE DEFENSES</u>

As separate and distinct affirmative defenses to the Complaint, Defendant alleges as follows:

<u>FIRST AFFIRMATIVE DEFENSE</u>

(Failure to State a Cause of Action)

2.    The Complaint, and every purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant.

<u>SECOND AFFIRMATIVE DEFENSE</u>

(Duration of Implied Warranty – New Subject Vehicle)

3.    The implied warranty duration is only one year.

<u>THIRD AFFIRMATIVE DEFENSE</u>

(Subject Vehicle Fit for its Intended Purpose)

4.    Defendant is informed and believes, and on that basis alleges, that the subject vehicle was fit for providing transportation at all relevant times hereto.  Accordingly, Plaintiff is not entitled to relief for breach of the implied warranty of merchantability.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

(No Timely Revocation of Acceptance)

5.    Plaintiff has no restitution remedy under breach of implied warranty because there was no timely revocation of acceptance after the alleged breach and before a substantial change in the condition of the goods.

///

1

FIFTH AFFIRMATIVE DEFENSE

2

(Unreasonable or Unauthorized Use)

3    6.    Defendant is informed and believes some of Plaintiff's concerns may have been

4    caused by unreasonable or unauthorized use.

5

SIXTH AFFIRMATIVE DEFENSE

6

(Failure to Preserve Evidence)

7    7.    Defendant is informed and believes that some of Plaintiff's claims may be barred, in

8    whole or in part, because Plaintiff or others knew of the existence or likelihood of litigation and

9    negligently failed to preserve crucial evidence.

10

SEVENTH AFFIRMATIVE DEFENSE

11

(Misuse, Abuse, Improper Maintenance or Other Exclusion)

12    8.    Defendant is informed and believes, and on that basis alleges, that Plaintiff and/or

13    others misused, abused and improperly cared for and maintained the subject vehicle, therefore,

14    some or all of Plaintiff's nonconformities were or should have been excluded from coverage.

15    Specifically, Defendant alleges that after appropriate discovery, one or more of the stated specific

16    warranty exclusions may be applicable.

17

EIGHTH AFFIRMATIVE DEFENSE

18

(Failure to Comply with Notice Requirements)

19    9.    Defendant is informed and believes, and on that basis alleges, that Plaintiff failed to

20    provide proper notice as required under law, including but not limited to Civil Code section

21    1794(e)(3).

22

NINTH AFFIRMATIVE DEFENSE

23

(Good Faith Evaluation)

24    10.    Defendant is informed and believes, and on that basis alleges, at all times,

25    Defendant's evaluation of Plaintiff's repurchase request has been in good faith and, consequently,

26    Plaintiff has no claim for civil penalty for any alleged willful violation.

27    ///

28    ///

3

DEFENDANT'S ANSWER TO COMPLAINT

<u>TENTH AFFIRMATIVE DEFENSE</u>

(Estoppel, Laches, Lack of Good Faith)

11.    Defendant is informed and believes some or all of Plaintiff's claims may be barred by estoppel, laches and/or lack of good faith.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

(No Privity of Contract)

12.    Plaintiff's claims are barred because Plaintiff was not in privity of contract with Defendant.

<u>TWELFTH AFFIRMATIVE DEFENSE</u>

(No Wrongful Conduct or Breach of Duty)

13.    Defendant has not breached any statute, purported contract, or any other legally cognizable obligation or duty to Plaintiff, including but not limited to duties pertaining to servicing the subject vehicle.

<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

(Unclean Hands)

14.    Plaintiff is not entitled to any equitable relief because he/she has unclean hands.

<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

(Plaintiff's Fault/Failure to Maintain Vehicle)

15.    Plaintiff carelessly, recklessly and negligently conducted himself/herself under the facts and circumstances then and there prevailing, including with respect to the use and misuse of the vehicle, and such carelessness, recklessness and negligence was the sole, or participating, direct and proximate cause of the alleged injuries and losses and damages, if any, alleged in the Complaint.  As a result thereof, Plaintiff is barred from either, all or part of any recovery herein. Plaintiff did not properly maintain the vehicle, modified the vehicle and/or materially changed it from its original condition.

///

///

///

4

DEFENDANT'S ANSWER TO COMPLAINT

1

### FIFTEENTH AFFIRMATIVE DEFENSE

2

(Intervening/Superseding/Supervening Events)

3    16.    Plaintiff's alleged damages, if any such damages there were or are, the fact and

4  extent of which are expressly denied by Defendant, were proximately caused by intervening,

5  superseding and/or supervening acts by third parties for which Defendant has no liability.

6

### SIXTEENTH AFFIRMATIVE DEFENSE

7

(Failure to Mitigate)

8    17.    Plaintiff's Complaint is barred to the extent Plaintiff failed to mitigate, minimize or

9  avoid any damage that he/she allegedly sustained, and recovery must be reduced by that amount.

10

### SEVENTEENTH AFFIRMATIVE DEFENSE

11

(No Injury or Damage)

12    18.    Plaintiff has not been injured or damaged in any way or in any manner as a result of

13  any alleged act, conduct, or omission of Defendant, if any there were or are.

14

### EIGHTEENTH AFFIRMATIVE DEFENSE

15

(Wrong Party)

16    19.    The Complaint is barred because the action seeks relief against Defendant, who is

17  not a proper party to this action and owed no duty, contractual or otherwise, to Plaintiff or any other

18  party under the facts alleged in the Complaint and otherwise cannot be held liable for any of

19  Plaintiff's alleged damages.

20

### NINTEENTH AFFIRMATIVE DEFENSE

21

(Statute of Limitations)

22    20.    The Complaint, and each and every cause of action contained therein, is barred by

23  the applicable statute of limitations, including, but not limited to, Commercial Code section 2725,

24  Code of Civil Procedure sections 337, 338, 339, 340 and 343, and Civil Code section 1793.2.

25

### TWENTIETH AFFIRMATIVE DEFENSE

26

(Unauthorized Use)

27    21.    Plaintiff is barred from recovery to the extent any alleged defect or nonconformity

28  was caused by unauthorized or unreasonable use of the vehicle following sale or lease.

DEFENDANT'S ANSWER TO COMPLAINT

1  | <u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>

2  | (No Willful Conduct)

3  | 22.  Plaintiff cannot recover civil penalties by way of the Complaint because Defendant's

4  | actions were not willful.

5  | <u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>

6  | (Implied Warranty Limitation)

7  | 23.  Plaintiff cannot recover civil penalties by way of the Complaint because his/her

8  | claims are based solely on breach of implied warranty.

9  | <u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u>

10 | (Use Limitation)

11 | 24.  The amount of restitution, if any, to which Plaintiff may be entitled, must be reduced

12 | by that amount directly attributable to use by Plaintiff prior to the time Plaintiff first delivered the

13 | vehicle for correction.

14 | <u>TWENTY-FOURTH AFFIRMATIVE DEFENSE</u>

15 | (Dispute Resolution)

16 | 25.  Plaintiff cannot recover civil penalties by way of the Complaint because Defendant

17 | participates in a qualified third-party dispute resolution process.

18 | <u>TWENTY-FIFTH AFFIRMATIVE DEFENSE</u>

19 | (Express Disclaimer of Warranty)

20 | 26.  Defendant is informed and believes, and on that basis alleges, that Defendant

21 | expressly disclaimed, negated and/or excluded all representations or warranties of the type alleged,

22 | and Plaintiff consented to such disclaimer, negation and/or exclusion.

23 | <u>TWENTY-SIXTH AFFIRMATIVE DEFENSE</u>

24 | (No Proximate Cause)

25 | 27.  Any breach of statutory duty attributable to Defendant, including warranty or any

26 | other duty, was not the cause in fact or proximate cause of Plaintiff's alleged damages.

27 | ///

28 | ///

DEFENDANT'S ANSWER TO COMPLAINT

1

<u>TWENTY-SEVENTH AFFIRMATIVE DEFENSE</u>

2

(Failure to Permit Inspection and Repair)

3    28.    Plaintiff's claims are barred because Plaintiff failed and refused to allow Defendant a

4    reasonable opportunity to inspect and repair the vehicle, if necessary.  Plaintiff has not permitted

5    Defendant the opportunity to cure any alleged breach.

6

<u>TWENTY-EIGHTH AFFIRMATIVE DEFENSE</u>

7

(No Defect)

8    29.    The vehicle was not in a defective condition at any time when it left possession,

9    custody or control of Defendant.

10

<u>TWENTY-NINTH AFFIRMATIVE DEFENSE</u>

11

(Defendants Elect Private Arbitration)

12    30.    Plaintiff's claims are barred by arbitration because the subject contract requires

13    such claims to be resolved by arbitration if either party elects it.

14

<u>THIRTIETH AFFIRMATIVE DEFENSE</u>

15

(Additional Defenses)

16    31.    Defendant reserves the right to amend this general denial to assert such additional

17    defenses as may become apparent during the continuing course of discovery in this action.

18

19    WHEREFORE, Defendant prays for judgment as follows:

20    1.    That Plaintiff take nothing by his/her Complaint;

21    2.    That the Complaint be dismissed with prejudice and judgment entered in favor of

22    Defendant;

23    3.    That Defendant be awarded its costs of suit incurred in this action; and

24    4.    For such other and further relief as the Court deems just and proper.

25    ///

26    ///

27    ///

28    ///

7

1    Dated:  August 6, 2025                    TURNER HENNINGSEN WOLF & VANDENBURG, LLP

2

3                                              By:  /s/ Matthew C. Wolf

4                                                    MATTHEW C. WOLF

5                                              Attorneys for Defendant
                                               JAGUAR LAND ROVER NORTH AMERICA, LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S ANSWER TO COMPLAINT

## <u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I am over the age of eighteen years and not a party to the within action.  My business address is 707 Wilshire Blvd., Suite 3700, Los Angeles, CA 90017.  I am employed at that address with the firm of Turner Henningsen Wolf & VanDenburg, LLP.

      On **August 6, 2025**, I served the document(s) described as follows:

**DEFENDANT JAGUAR LAND ROVER NORTH AMERICA, LLC'S ANSWER TO COMPLAINT**

      I served the foregoing document(s) on all the interested parties in this action, by placing: [  ] the original [X] true copies thereof enclosed in sealed envelopes, addressed as follows:

CONN LAW, PC
Elliot Conn, Esq.
Kira Patterson, Esq.
100 Bush Street, Suite 1580
San Francisco, CA 94104
Telephone (415) 417-2780
Facsimile: (415) 358-4941
elliot@connlawpc.com
***Attorneys for Plaintiff***

[ ]    **BY U.S. MAIL:**  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

[X]    **BY EMAIL:**  I served the above document(s) to the email address listed above.  A true and correct copy of transmittal will be produced if requested by any party or the court.

[X]    **STATE:**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed at Los Angeles, California on **August 6, 2025**.

*Jessica Uriarte*
Jessica Uriarte

---

**PROOF OF SERVICE**

EXHIBIT 3

# RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE (WITH ARBITRATION PROVISION)

Dealer Number **RIVERSIDE**   Contract Number **1949657**   R.O.S. Number _____   Stock Number **PLH023341**

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| GERALD R BROUGHAM 6753 RAMONA AVE ALTA LOMA, CA 91701 COUNTY: SAN BERNARDINO 714-337-6421 | N/A | INDIGO RIVERSIDE LLC 8051 AUTO DR RIVERSIDE , CA 92504 951-687-1212 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on all pages of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| USED | 2020 | LAND ROVER EVOQUE | 8333 | SALZM2GX6LH023341 | Personal, family or household unless otherwise indicated below. ☐ business or commercial |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $2500.00 |
|---|---|---|---|---|
| 5.79 % | $ 13481.68 (e) | $ 60846.56 (e) | $ 74328.24 (e) | $ 76828.24 (e) |

(e) means an estimate

**YOUR PAYMENT SCHEDULE WILL BE:**

| Number of Payments: | Amount of Payments: | When Payments Are Due: |
|---|---|---|
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| 83 | 884.86 | Monthly beginning 04/04/2022 |
| N/A | N/A | N/A |
| One final payment | 884.86 | 03/04/2029 |

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
**Prepayment.** If you pay early, you may be charged a minimum finance charge.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

### STATEMENT OF INSURANCE

NOTICE. No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

#### Vehicle Insurance

|  |  | Term | Premium |
|---|---|---|---|
| $ N/A Ded. Comp., Fire & Theft | | N/A Mos. | $ N/A |
| $ N/A Ded. Collision | | N/A Mos. | $ N/A |
| Bodily Injury | $ N/A Limits | N/A Mos. | $ N/A |
| Property Damage | $ N/A Limits | N/A Mos. | $ N/A |
| Medical | N/A | N/A Mos. | $ N/A |
| | N/A | N/A Mos. | $ N/A |

Total Vehicle Insurance Premiums $ N/A

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X _____
Co-Buyer X _____ N/A
Seller X _____

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on page 5 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning this agreement to arbitrate.

Buyer Signs X _____
Co-Buyer Signs X _____ N/A

## AUTO BROKER FEE DISCLOSURE

If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:

☐ Name of autobroker receiving fee, if applicable: __N/A__

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.
Buyer Signs X _____   Co-Buyer Signs X _____ N/A

**SELLER'S RIGHT TO CANCEL.** If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on page 4 of this contract giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.
Buyer X _____   Co-Buyer X _____ N/A

Buyer Initials _____ Co-Buyer Initials __N/A__

52954*1*RS-FI 02/18/2022  07:18 pm
LAW 553-CA-ARB-eps-14 7/16 v2   Page 1 of 5

DEAL# 222992

## ITEMIZATION OF THE AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)

**1. Total Cash Price**

A. Cash Price of Motor Vehicle and Accessories $ **56668.00** (A)
  1. Cash Price Vehicle $ **56668.00**
  2. Cash Price Accessories $ **N/A**
  3. Other (Nontaxable)
    Describe **N/A** $ **N/A**
    Describe **N/A** $ **N/A**
B. Document Processing Charge (not a governmental fee) $ **85.00** (B)
C. Emissions Testing Charge (not a governmental fee) $ **N/A** (C)
D. (Optional) Theft Deterrent Device(s)
  1. (paid to) **STARGARD** $ **1245.00** (D1)
  2. (paid to) **N/A** $ **N/A** (D2)
  3. (paid to) **N/A** $ **N/A** (D3)
E. (Optional) Surface Protection Product(s)
  1. (paid to) **CLEAR SHIELD** $ **735.00** (E1)
  2. (paid to) **N/A** $ **N/A** (E2)
F. EV Charging Station (paid to) **N/A** $ **N/A** (F)
G. Sales Tax (on taxable items in A through F) $ **4551.81** (G)
H. Electronic Vehicle Registration or Transfer Charge
  (not a governmental fee) (paid to) **MVSC** $ **30.00** (H)
I. (Optional) Service Contract(s)
  1. (paid to) **N/A** $ **N/A** (I1)
  2. (paid to) **N/A** $ **N/A** (I2)
  3. (paid to) **N/A** $ **N/A** (I3)
  4. (paid to) **N/A** $ **N/A** (I4)
  5. (paid to) **N/A** $ **N/A** (I5)
J. Prior Credit or Lease Balance (e) paid by Seller to
  Vehicle 1 **N/A** Vehicle 2 **N/A** $ **N/A** (J)
  (see downpayment and trade-in calculation)
K. (Optional) Debt Cancellation Agreement $ **N/A** (K)
L. (Optional) Used Vehicle Contract Cancellation Option Agreement $ **N/A** (L)
M. Other (paid to) **N/A** $ **N/A** (M)
  For **N/A**
N. Other (paid to) **N/A** $ **N/A** (N)
  For **N/A**
**Total Cash Price (A through N)** $ **63314.81** (1)

**2. Amounts Paid to Public Officials**

A. Vehicle License Fees **ESTIMATE** $ **N/A** (A)
B. Registration/Transfer/Titling Fees $ **15.00** (B)
C. California Tire Fees $ **8.75** (C)
D. Other **N/A** $ **N/A** (D)
**Total Official Fees (A through D)** $ **23.75** (2)

**3. Amount Paid to Insurance Companies**

(Total premiums from Statement of Insurance) $ **N/A** (3)
**4.** ☐ State Emissions Certification Fee or ☒ State Emissions Exemption Fee $ **8.00** (4)
**5. Subtotal (1 through 4)** $ **63346.56** (5)
**6. Total Downpayment**

A. Total Agreed Value of Property Being Traded-In (see Trade-In Vehicle(s)): $ **N/A** (A)
  Vehicle 1 $ **N/A** Vehicle 2 $ **N/A**
B. Total Less Prior Credit or Lease Balance (e) $ **N/A** (B)
  Vehicle 1 $ **N/A** Vehicle 2 $ **N/A**
C. Total Net Trade-In (A–B) (indicate if negative number) $ **N/A** (C)
  Vehicle 1 $ **N/A** Vehicle 2 $ **N/A**
D. Deferred Downpayment Payable to Seller $ **N/A** (D)
E. Manufacturer's Rebate $ **N/A** (E)
F. Other **N/A** $ **N/A** (F)
G. Cash, Cash Equivalent, Check, Credit Card, or Debit Card $ **2500.00** (G)
**Total Downpayment (C through G)** $ **2500.00** (6)
(If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1J above)
**7. Amount Financed (5 less 6)** $ **60846.56** (7)

---

**OPTIONAL SERVICE CONTRACT(S)** You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in item 1I.

I1 Company **N/A**
Term **N/A** Mos. or **N/A** Miles
I2 Company **N/A**
Term **N/A** Mos. or **N/A** Miles
I3 Company **N/A**
Term **N/A** Mos. or **N/A** Miles
I4 Company **N/A**
Term **N/A** Mos. or **N/A** Miles
I5 Company **N/A**
Term **N/A** Mos. or **N/A** Miles
Buyer X **N/A**

**OPTIONAL DEBT CANCELLATION AGREEMENT.** A debt cancellation agreement is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy debt cancellation, the charge is shown in item 1K of the Itemization of Amount Financed. See your debt cancellation agreement for details on the terms and conditions it provides. It is a part of this contract.

Term **N/A** Mos. **N/A**
Debt Cancellation Agreement

I want to buy a debt cancellation agreement.

Buyer Signs X **N/A**

### Trade-In Vehicle(s)

1. Vehicle 1
Year **N/A** Make **N/A**
Model **N/A** Odometer **N/A**
VIN **N/A**
a. Agreed Value of Property $ **N/A**
b. Buyer/Co-Buyer Retained Trade Equity $ **N/A**
c. Agreed Value of Property
  Being Traded-In (a–b) $ **N/A**
d. Prior Credit or Lease Balance $ **N/A**
e. Net Trade-In (c–d) (must be ≥ 0
  for buyer/co-buyer to retain equity) $ **N/A**
2. Vehicle 2
Year **N/A** Make **N/A**
Model **N/A** Odometer **N/A**
VIN **N/A**
a. Agreed Value of Property $ **N/A**
b. Buyer/Co-Buyer Retained Trade Equity $ **N/A**
c. Agreed Value of Property
  Being Traded-In (a–b) $ **N/A**
d. Prior Credit or Lease Balance $ **N/A**
e. Net Trade-In (c–d) (must be ≥ 0
  for buyer/co-buyer to retain equity) $ **N/A**

**Total Agreed Value of Property**
  Being Traded-In (1c+2c) $ **N/A***
**Total Prior Credit or Lease**
  Balance (1d+2d) $ **N/A***
Total Net Trade-In (1e+2e) $ **N/A***
(*See item 6A–6C in the Itemization of Amount Financed)

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before **N/A** , Year **N/A** .
SELLER'S INITIALS **N/A**

---

**Trade-In Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle(s) to arrive at the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s). You understand that the amount quoted is an estimate.

Seller agrees to pay the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s) to the lienholder or lessor of the trade-in vehicle(s), or its designee. If the actual payoff amount is more than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), Seller will refund to you any overage Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE" on page 4 of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in Trade-In Vehicle(s) or any refund.

Buyer Signature X **N/A**   Co-Buyer Signature X **N/A**

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
WARNING:
YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

S/S X _____   X **N/A**

Buyer Initials _____   Co-Buyer Initials **N/A**

52954*1*RS-FI  02/18/2022  07:18 pm
LAW 553-CA-ARB-eps-14 7/16 v2   Page 2 of 5

**1.   FINANCE CHARGE AND PAYMENTS**

**a.   How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed. Seller - Creditor may receive part of the Finance Charge.

**b.   How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.

**c.   How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment, or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

**d.   You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment. As of the date of your payment, if the minimum finance charge is greater than the earned Finance Charge, you may be charged the: minimum finance charge is as follows: (1) $25 if the original Amount Financed does not exceed $1,000, (2) $50 if the original Amount Financed is more than $1,000 but not more than $2,000, or (3) $75 if the original Amount Financed is more than $2,000.

**2.   YOUR OTHER PROMISES TO US**

**a.   If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

> **GAP LIABILITY NOTICE**
> In the event of theft or damage to your vehicle that results in a total loss, there may be a gap between the amount you owe under this contract and the proceeds of your insurance settlement and deductible. THIS CONTRACT PROVIDES THAT YOU ARE LIABLE FOR THE GAP AMOUNT. An optional debt cancellation agreement for coverage of the gap amount may be offered for an additional charge.

**b.   Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

**c.   Security Interest.**
You give us a security interest in:
- The vehicle and all parts or goods put on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service, or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract as the law allows. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

**d.   Insurance you must have on the vehicle.**
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract or, at our option, the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

**e.   What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

**3.   IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

**a.   You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

**b.   You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to any right the law gives you to reinstate this contract.
Default means:
- You do not pay any payment on time;
- You give false, incomplete, or misleading information on a credit application;
- You start a proceeding in bankruptcy or one is started against you or your property;
- The vehicle is lost, damaged or destroyed; or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

**c.   You may have to pay collection costs.** You will pay our reasonable costs to collect what you owe, including attorney fees, court costs, collection agency fees, and fees paid for other reasonable collection efforts. You agree to pay a charge not to exceed $15 if any check you give to us is dishonored.

**d.   We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

**e.   How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). You may redeem the vehicle by paying all you owe, or you may have the right to reinstate this contract and redeem the vehicle by paying past due payments and any late charges, providing proof of insurance, and/or taking other action to cure the default. We will provide you all notices required by law to tell you when and how much to pay and/or what action you must take to redeem the vehicle.

**f.   We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at the Annual Percentage Rate shown on page 1 of this contract, not to exceed the highest rate permitted by law, until you pay.

**g.   What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

Buyer Initials _____   Co-Buyer Initials **N/A**

**4. WARRANTIES SELLER DISCLAIMS**

If you do not get a written warranty, and the Seller does not enter into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.

This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. If the Seller has sold you a certified used vehicle, the warranty of merchantability is not disclaimed.

**5. Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

**6. SERVICING AND COLLECTION CONTACTS**

You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you. **You agree that you will within a reasonable time notify us of any change in your name, address, or employment.**

**7. APPLICABLE LAW**

Federal law and California law apply to this contract. If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

**8. WARRANTIES OF BUYER**

You promise you have given true and correct information in your application for credit, and you have no knowledge that will make that information untrue in the future. We have relied on the truth and accuracy of that information in entering into this contract. Upon request, you will provide us with documents and other information necessary to verify any item contained in your credit application.

You waive the provisions of Calif. Vehicle Code Section 1808.21 and authorize the California Department of Motor Vehicles to furnish your residence address to us.

**CREDIT DISABILITY INSURANCE NOTICE AND PROCEDURE**

If you become disabled, you must tell us right away. (You are advised to send this information to the same address to which you are normally required to send your payments, unless a different address or telephone number is given to you in writing by us as the location where we would like to be notified.) We will tell you where to get claim forms. You must send in the completed forms to the insurance company as soon as possible and tell us as soon as you do.

If your disability insurance covers all of your missed payment(s), WE CANNOT TRY TO COLLECT WHAT YOU OWE OR FORECLOSE UPON OR REPOSSESS ANY COLLATERAL UNTIL THREE CALENDAR MONTHS AFTER your first missed payment is due or until the insurance company pays or rejects your claim, whichever comes first. We can, however, try to collect, foreclose, or repossess if you have any money due and owing us or are otherwise in default when your disability claim is made or if a senior mortgage or lien holder is foreclosing.

If the insurance company pays the claim within the three calendar months, we must accept the money as though you paid on time. If the insurance company rejects the claim within the three calendar months or accepts the claim within the three calendar months on a partial disability and pays less than for a total disability, you will have 35 days from the date that the rejection or the acceptance of the partial disability claim is sent to pay past due payments, or the difference between the past due payments and what the insurance company pays for the partial disability, plus late charges. You can contact us, and we will tell you how much you owe. After that time, we can take action to collect or foreclose or repossess any collateral you may have given.

If the insurance company accepts your claim but requires that you send in additional forms to remain eligible for continued payments, you should send in these completed additional forms no later than required. If you do not send in these forms on time, the insurance company may stop paying, and we will then be able to take action to collect or foreclose or repossess any collateral you may have given.

---

**Seller's Right to Cancel**

a.  Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you. You understand that it may take some time for Seller to verify your credit and assign the contract. You agree that if Seller is unable to assign the contract to any one of the financial institutions with whom Seller regularly does business under an assignment acceptable to Seller, Seller may cancel the contract.

b.  Seller shall give you written notice (or in any other manner in which actual notice is given to you) within 10 days of the date this contract is signed if Seller elects to cancel. Upon receipt of such notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. Seller must give back to you all consideration received by Seller, including any trade-in vehicle.

c.  If you do not immediately return the vehicle, you shall be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees.

d.  While the vehicle is in your possession, all terms of the contract, including those relating to use of the vehicle and insurance for the vehicle, shall be in full force and you shall assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage to the vehicle until the vehicle is returned to Seller.

---

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

Buyer Initials _____  Co-Buyer Initials **N/A**

# ARBITRATION PROVISION
PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

1. **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.**
2. **IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.**
3. **DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.**

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

N/A

**Notice to buyer:** (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

If you have a complaint concerning this sale, you should try to resolve it with the seller.
Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof. After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

Buyer Signature X _____    Co-Buyer Signature X _____ N/A _____

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION** California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a two-day contract cancellation option on used vehicles with a purchase price of less than forty thousand dollars ($40,000), subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU HAVE READ ALL PAGES OF THIS CONTRACT, INCLUDING THE ARBITRATION PROVISION ABOVE, BEFORE SIGNING BELOW. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT.

Buyer Signature X _____ Date 02/18/2022   Co-Buyer Signature X ____ N/A ____ Date N/A

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other Owner Signature X ___ N/A ___   Address ___ N/A ___

**GUARANTY:** To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as Guarantor, and even if Buyer has a complete defense to Guarantor's demand for reimbursement. Each Guarantor agrees to be liable even if we do one or more of the following: (1) give the Buyer more time to pay one or more payments; (2) give a full or partial release to any one or other Guarantor; (3) release any security; (4) accept less from the Buyer than the total amount owing; or (5) otherwise reach a settlement relating to this contract or extend the contract. Each Guarantor acknowledges receipt of a completed copy of this contract and guaranty at the time of signing. Guarantor waives notice of acceptance of this Guaranty, notice of the Buyer's non-payment, non-performance, and default; and notices of the amount owing at any time, and of any demands upon the Buyer.

Guarantor X ___ N/A ___ Date N/A   Guarantor X ___ N/A ___ Date N/A
Address ___ N/A ___   Address ___ N/A ___

Seller Signs INDIGO RIVERSIDE LLC   Date 02/18/2022   By X _____   Title FINANCE MGR

Seller assigns its interest in this contract to KINECTA FCU   (Assignee) under the terms of Seller's agreement(s) with Assignee.

☐ Assigned with recourse   ☒ Assigned without recourse   ☐ Assigned with limited recourse

Seller INDIGO RIVERSIDE LLC   By _____   Title FINANCE MANAGER